IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LILA M. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| DOLTON SCHOOL DISTRICT 149, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, LILA M. WILSON ("Plaintiff"), by and through her attorneys, Barry A. Gomberg and Luanne M. Galovich of Barry A. Gomberg & Associates, Ltd., and complaining of the Defendant, DOLTON SCHOOL DISTRICT 149, states as follows:

## PARTIES

1. Plaintiff, Lila M. Wilson, is an individual residing in Chicago, Illinois

2. Defendant Dolton School District 149 ("Defendant") is a local governmental entity in the State of Illinois, with offices located at 292 Torrence Avenue, Calumet City, Illinois 60409.

## JURISDICTION AND VENUE

3. The claims against Defendant are for race and gender discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

4. Jurisdiction is conveyed upon this Court by virtue of 28 U.S.C. §1343 as these claims arise under the laws of the United States of America.

5. This Court is the proper venue for this lawsuit in that the facts giving rise to this lawsuit occurred in this judicial district.

## COUNT I -
## TITLE VII - RACE DISCRIMINATION/HOSTILE WORK ENVIRONMENT

1-5. Plaintiff restates and re-alleges paragraphs 1-5 above as though fully set forth herein.

6. Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit A.

7. Plaintiff has filed this cause pursuant to issuance of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

8. Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

9. Defendant, at all times pertinent hereto, did business within the venue and jurisdiction of this judicial circuit and was an employer as defined by 42 U.S.C. § 2000e and employed more than fifteen individuals as defined by 42 U.S.C. § 2000e.

10. Plaintiff is African American.

11. Plaintiff was hired by Defendant on or about September 3, 2019.

12. Plaintiff was subjected to a racially hostile work environment at Defendant and subjected to termination because of her race by her supervisor, Superintendent Shelly Davis-Jones and Defendant.

13. Defendant made discriminatory comments toward Plaintiff throughout her employment.

14. During Plaintiff's employment, Superintendent Shelly Davis-Jones would call Plaintiff on a daily basis with harassing and unnecessary questions that would disrupt Plaintiff's work but would not do the same to non-African American employees.

15. Private issues that Plaintiff discussed only with Superintendent Davis-Jones and/or her administrative assistant April Brown, were disclosed to employees within the office by Superintendent Davis-Jones.

16. Superintendent Davis-Jones referred to Plaintiff as a "manipulator" for reasons unknown to Plaintiff but she would not do the same to non-African American employees.

17. Superintendent Davis-Jones would threaten to terminate Plaintiff on a regular basis for no legitimate reason but she would not do the same to non-African American employees.

18. Superintendent Davis-Jones, would also yell and scream at Plaintiff, call Plaintiff names, and call Plaintiff a liar in the office so that everyone could hear but she would not do the same to non-African American employees.

19. Plaintiff was the only employee who was required by Superintendent Davis-Jones to take an escort with her when going to the Treasurer's Office.

20. On June 14, 2021, Plaintiff was terminated from her position with Defendant without being given a reason.

21. Defendant's reasons for terminating Plaintiff were pretextual because Plaintiff's performance was as good, if not better, than non-African American employees of Defendant who were not discharged by Defendant.

22. As a result of Defendant's race based discriminatory and racially hostile conduct, Plaintiff has suffered injury to her career, as well as emotional pain, suffering, inconvenience,

mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff LILA M. WILSON prays for judgment against Defendant DOLTON SCHOOL DISTRICT 149, as follows:

    A.    For back pay from June 14, 2021 to the present;

    B.    For an award of compensatory damages for Plaintiff's injury to her career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

    C.    Reinstatement or front pay if reinstatement is not available;

    D.    For attorney's fees and costs of this suit; and

    E.    For such other and further relief as is just and equitable.

## COUNT II - 
## GENDER DISCRIMINATION/HOSTILE WORK ENVIRONMENT

1-5.    Plaintiff restates and re-alleges paragraphs 1-5 above as though fully set forth herein.

6.    Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on gender discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit A.

7.    Plaintiff has filed this cause pursuant to issuance of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

8.    Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

9. Defendant, at all times pertinent hereto, did business within the venue and jurisdiction of this judicial circuit and was an employer as defined by 42 U.S.C. § 2000e and employed more than fifteen individuals as defined by 42 U.S.C. § 2000e.

10. Plaintiff is a female.

11. Plaintiff was hired by Defendant on or about September 3, 2019.

12. Plaintiff was subjected to a gender hostile work environment at Respondent and subjected to termination because of her gender by her supervisor, Superintendent Shelly Davis-Jones and Defendant.

13. Defendant made discriminatory comments toward Plaintiff throughout her employment.

14. During Plaintiff's employment, Superintendent Shelly Davis-Jones would call her on a daily basis with harassing and unnecessary questions that would disrupt Plaintiff's work but she would not do the same to non-female employees.

15. Private issues that Plaintiff discussed only with Superintendent Davis-Jones and/or her administrative assistant April Brown, were disclosed within the office by Superintendent Davis-Jones.

16. Superintendent Davis-Jones referred to Plaintiff as a "manipulator" for reasons unknown to Plaintiff but she would not do the same to non-female employees.

17. Superintendent Davis-Jones would threaten to terminate Plaintiff on a regular basis for no legitimate reason but she would not do the same to non-female employees.

18. Superintendent Davis-Jones, would also yell and scream at Plaintiff, call Plaintiff names, and call Plaintiff a liar in the office so that everyone could hear but she would not do the same to non-female employees.

19. Plaintiff was the only employee who was required by Superintendent Davis-Jones to take an escort with her when going to the Treasurer's Office while male employees were not similarly required to do so.

20. On June 14, 2021, Plaintiff was terminated from her position with Defendant without being given a reason.

21. Defendant's reasons for terminating Plaintiff were pretextual because Plaintiff's performance was as good, if not better, than non-female employees of Defendant who were not discharged by Defendant.

22. As a result of Defendant's gender-based discriminatory and gender-based hostile conduct, Plaintiff has suffered injury to her career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff LILA M. WILSON prays for judgment against Defendant DOLTON SCHOOL DISTRICT 149, as follows:

A. For back pay from June 14, 2021 to the present;

B. For an award of compensatory damages for Plaintiff's injury to her career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C. Reinstatement or front pay if reinstatement is not available;

D. For attorney's fees and costs of this suit; and

E. For such other and further relief as is just and equitable.

## COUNT III
## TITLE VII - RETALIATION

1-5. Plaintiff restates and re-alleges paragraphs 1-5 above as though fully set forth herein.

6. Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race and gender discrimination and retaliation with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit A and C.

7. Plaintiff has filed this cause pursuant to issuance of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B and D.

8. Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

9. Defendant, at all times pertinent hereto, did business within the venue and jurisdiction of this judicial circuit and was an employer as defined by 42 U.S.C. § 2000e and employed more than fifteen individuals as defined by 42 U.S.C. § 2000e.

10. Plaintiff is an African American female.

11. Plaintiff was hired by Defendant on or about September 3, 2019.

12. On June 14, 2021, Plaintiff was terminated by Defendant for engaging in protected activity.

13. Plaintiff worked for Defendant as a Payroll Specialist.

14. Plaintiff was subjected to a hostile work environment at Defendant and subjected to termination because of her gender, race and in retaliation for complaining about same.

15. Defendant made discriminatory comments toward Plaintiff throughout her employment.

16. Plaintiff complained to Superintendent Shelly Davis-Jones and others throughout her employment (the last time being immediately preceding her termination) that she was being discriminated against because of her race, gender and retaliation.

17. When Plaintiff complained about discriminatory conduct, in retaliation Superintendent Shelly Davis-Jones would continue to threaten to terminate Plaintiff, yell and scream at Plaintiff, make discriminatory and disrespectful remarks, and call Plaintiff a liar in the office so that everyone could hear.

18. Plaintiff was terminated from her position effective June 14, 2021 in retaliation for complaining about Defendant's discriminatory and hostile conduct.

19. Plaintiff was not provided a reason for her termination.

19. Defendant's reasons for terminating Plaintiff were pretextual because Plaintiff's performance was as good, if not better, than non-Black and/or non-female employees of Defendant who were not discharged by Defendant.

20. As a result of Defendant's race and/or gender based retaliatory conduct, Plaintiff has suffered injury to her career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff LILA M. WILSON prays for judgment against Defendant DOLTON SCHOOL DISTRCIT 149, as follows:

A.   For back pay from June 14, 2021 to the present;

B. For an award of compensatory damages for Plaintiff's injury to her career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C. Reinstatement or front pay if reinstatement is not available;

D. For attorney's fees and costs of this suit; and

E. For such other and further relief as is just and equitable.

Respectfully submitted,

LILA M. WILSON

By: s/ Barry A. Gomberg
     One of Plaintiff's Attorneys

Barry A. Gomberg
Luanne M. Galovich
BARRY A. GOMBERG & ASSOC., LTD.
53 West Jackson Blvd., Suite 1350
Chicago, Illinois 60604
(312) 922-0550

9